# Authority to Decline Compensation for Service on the National Council of Arts

The Anti-Deficiency Act does not prohibit a member of the National Council of the Arts from serving without compensation.

April 18, 1989

MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

You have asked for the opinion of this Office whether the Chairperson of the National Council of Arts ("Council") may, at the request of a member of that Council, allow only such member to serve on the Council at zero compensation.[1] For reasons set forth below, we conclude that the Anti-Deficiency Act, 31 U.S.C. § 1342, does not prohibit the member from serving on the Council without compensation.

## Analysis

The Anti-Deficiency Act provides:

> An officer or employee of the United States government ... may not accept voluntary services for [the] government or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property.

31 U.S.C. § 1342. This Office considered the application of the Anti-Deficiency Act to noncompensated services most recently in the context of the authority of Independent Counsel Lawrence Walsh to appoint Professor Laurence Tribe as a Special Counsel without compensation. *See* Memorandum for Francis A. Keating II, Acting Associate Attorney General, from Michael Carvin, Deputy Assistant Attorney General, Office of Legal Counsel, *Re: Independent Counsel's Authority to Accept Voluntary Services - Appointment of Laurence W. Tribe* (May 19, 1988). We relied on Attorney General Wickersham's authoritative opinion construing the Anti-

---

[1] Memorandum for Douglas W Kmiec, Assistant Attorney General, Office of Legal Counsel, from C Boyden Gray, Counsel to the President, *Re Compensation of Members of the National Council on the Arts* (Apr. 14, 1989)

Deficiency Act to permit a retired Army officer to serve without compensation as superintendent of an Indian school. The Attorney General wrote:

> [I]t seems plain that the words "voluntary service" were not intended to be synonymous with "gratuitous service" and were not intended to cover services rendered in an official capacity under regular appointment to an office otherwise permitted by law to be nonsalaried. In their ordinary and normal meaning these words refer to services intruded by a private person as a "volunteer" and not rendered pursuant to any prior contract or obligation ....

30 Op. Att'y Gen. 51, 52 (1913). We concluded Professor Tribe could serve as a Special Counsel on a noncompensated (*i.e.*, "gratuitous") basis because he had been appointed to an official position of public accountability pursuant to a statute that requires no minimum compensation but merely states a maximum compensation.

Under the interpretation of the Anti-Deficiency Act articulated by Attorney General Wickersham and since followed by this Office, permissible noncompensated service has two elements. First, the service must be rendered "in an official capacity under regular appointment to an office." 30 Op. Att'y Gen. at 52. Second, the office must be "otherwise permitted by law to be nonsalaried." *Id.*[2] Permission for a position to be nonsalaried may be inferred if there is no specific statutory rate of compensation for an office, but only a maximum. Thus, if the level of compensation for an office is entirely discretionary, or if it has only a fixed maximum and no minimum, salary for that office may be set at zero.

The twenty-six members of the Council are appointed to a regular office by the President with the advice and consent of the Senate. 20 U.S.C. § 955(b). As such, the members of the Council serve "in an official capacity under regular appointment to an office" and therefore satisfy the first element of permissible noncompensated service under the Anti-Deficiency Act. They also satisfy the second element. Members of the Council "shall receive compensation at a rate to be fixed by the Chairperson but not to exceed the per diem equivalent of the rate authorized for grade GS-18." 20 U.S.C. § 955(e). This is a statutory maximum rate which, under our prior interpretations of the Anti-Deficiency Act, establishes that the position is permitted to be non-salaried. Accordingly, the Anti-Deficiency Act does not prohibit a member of the National Council of the Arts from serving without compensation, or more precisely, to serve with compensation fixed at zero.

---

[2] Of course, if Congress has expressly authorized acceptance of voluntary services notwithstanding the Anti-Deficiency Act, it is not necessary to infer any authority to accept noncompensated services from an interpretation of the intended scope of the Act.

114

The only objection to this conclusion would attach special significance to that fact that the members of the Council are to be compensated at *a* rate fixed by the Chairperson of the Council. It may be suggested that this language required that each member of the Council must be compensated at the same rate. We disagree. First, the language itself does not mandate this result: it does not provide that the members of the Council shall be compensated at a single rate or that the discretion of the Chairperson is constrained to fixing a single rate. The emphasis on the word "a" is unwarranted in the context of the entire provision. Moreover, the legislative history rebuts any argument that the provision authorizing the Chairperson to establish "a rate" of compensation restricts the Chairperson to selecting one rate for all appointees. The predecessor statute provided:

> Members of the Council, *and persons appointed to assist the Council in making its studies*, while attending meetings of the Council, or while engaged in duties related to such meetings, or while engaged in the conduct of studies authorized by this title, shall receive compensation at a rate to be fixed by the Chairman, but not exceeding $75 per diem ....

National Arts and Cultural Development Act of 1964, Pub. L. No. 88-579, § 8, 78 Stat. 905, 907 (emphasis added). If the provision authorizing "compensation at a rate to be fixed by the Chairperson" limits the Chairperson to establishing one rate, then the predecessor statute required Members of the Council *and their staff* to be paid at the same rate. We cannot believe that Congress intended this unusual result, and because the plain language of the statute does not demand this construction, we reject it. We also believe a court would defer to an agency interpretation that the statute authorizes the Chairperson of the Council to establish different rates of compensation for different members. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

## Conclusion

The members of the National Council on the Arts are officials who are appointed by the President and who may be compensated at a rate which is established by the Chairperson of the Council pursuant to a statute which specifies a statutory maximum, but no minimum. Therefore, in light of this Department's prior interpretations of the Anti-Deficiency Act, a member of the Council may serve without compensation.

DOUGLAS W. KMIEC
*Assistant Attorney General*
*Office of Legal Counsel*

115